# Easterwood *v.* Lay.

## *Use and Occupation.*

(Decided June 19, 1913. 62 South. 787.)

*Use and Occupation; Tenant's Rights; Evidence.*—Where it appeared that when the tenant rented the land the preceding lessee pointed out the boundary as then understood by the parties, that he rented the track as agreed upon, and that even after his lessor discovered the mistake, it did not acknowledge plaintiff's claim to the land not occupied by him, plaintiff was not entitled to recover in an action for use and occupation of land which defendant had conveyed to the lessor of plaintiff, but which plaintiff had not been in possession of owing to a misunderstanding of the boundary line.

APPEAL from Gadsden City Court.

Heard before Hon. John H. DISQUE.

Action by W. E. Easterwood against W. P. Lay for use and occupation. Judgment for defendant and plaintiff appeals. Affirmed.

GEORGE D. MOTLEY, for appellant. Hostility to the title of the true owners is an essential element of adverse possession, and a possession cannot be adverse which in any contingency is intended to be in subordination to the true title.—*Ivey v. Beddingfield,* 107 Ala. 616; *Yancey v. S. & W. R. R. Co.,* 101 Ala. 234; *Williams v. Higgins,* 69 Ala. 517; *Chancellor v. Teal,* 141 Ala. 634; *Gulf Red C. Co. v. Crenshaw,* 148 Ala. 348. The facts supported the action for use and occupation.—*Catterlin v. Spinks,* 16 Ala. 467; *Price v. Pickett,* 21 Ala. 741; *Branch Bank v. Fry,* 23 Ala. 770; *Weaver v. Jones,* 24 Ala. 420; *Rushton v. Davis,* 127 Ala. 279.

HOOD & MURPHREE, for appellee. This action could not be maintained at the common law, and the statute

prescribes the only case in which the action will lie.—
*Lankford v. Green,* 52 Ala. 103; *Fielder v. Childs,* 73
Ala. 567; *Weaver v. Jones,* 24 Ala. 423.   The language
of the statute as amended is "when the defendant had
gone into possession unlawfully," and the facts do not
make such a case.

SAYRE, J.—Appellant sued appellee for the use and
occupation of something like 20 acres of land.    Plain-
tiff added a count in which he alleged that defendant
had received rents from lands which belonged to plain-
tiff and claimed a recovery of those rents as the equit-
able owner.    The case was tried by the court without a
jury.

Apart from any other consideration, we think the
judgment must be affirmed on the ground that the trial
court may well have found that plaintiff had no in-
terest in the land out of which the controversy has
arisen.   No doubt the court found the facts as follows,
for there was scarcely any dispute about them:   De-
fendant had owned in common with one Weller a con-
siderably larger tract, which included, as afterwards
appeared, the tract in question.    Defendant owned in
severalty land immediately below.    Above the true line
between the land defendant owned in common with
Weller and that he owned in severalty there ran a
"fence row" along which bushes and trees had grown
up.    Defendant supposed this "fence row" to be the
true line between the two tracts, but in fact a part of
the Weller tract (that part in question) lay below it.
Defendant had been renting the land above the "fence
row" to one Clough; that below to other tenants.   In
1904 defendant sold his interest in the Weller tract to
the Queen City Bank but continued, nevertheless, to
hold and claim all the land below the "fence row."   The

bank, knowing the land by its deed only, continued to rent to Clough. In 1907 plaintiff took a lease from the bank but the writing had been lost and it did not appear how this leasehold was described in the lease. Plaintiff testified that the land in dispute was a part of the farm he rented from the bank; but on cross-examination he said that the rent contract specified "just only that he leased the bank property." The bank's agent testified that plaintiff was to get all the land the bank got from defendant. But he also said that he knew nothing about the disputed line, and that he was renting to plaintiff the same land he had rented to Clough. He said further, "I rented to him what I understood Clough rented," though he said nothing to plaintiff in reference to that. He also testified that his best recollection was that Clough rented the land the year before and showed plaintiff the lines of the land he was renting. This defendant did not deny. In the early part of the fourth year of plaintiff's tenancy question arose between defendant and the bank, or probably its successor in title, as to the location of the line between them, and a survey was had which developed the fact that the "fence row" was not the true line. Whereupon defendant surrendered the land in question to the bank's agent and "paid him the rent." For three years, at least, plaintiff appears to have accepted the land above the "fence row' as that to which he was entitled under his lease. During all this time defendant, by his tenants, was in possession and cultivating the land below the "fence row." It seems reasonably clear that plaintiff never at any time supposed he had less land than he was entitled to have under his lease until he became apprised of the controversy between the defendant and the bank, nor did the bank at any time before or since the settlement of this dispute with defendant give any

recognition of plaintiff's claim to more. On these facts we think that plaintiff, so far from being entitled ex equo et bono or otherwise to the rents collected by defendant, got all he bargained for, and that the judgment ought to be affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.